IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANNA OFFFSHORE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 26-2852 |
| v. | § | |
| | § | |
| HAMAD OVERSEAS, LLC, HAMAD | § | |
| INVESTIMENTOS, LDA D/B/A HAMAD | § | |
| ENERGY and HAMILTON MORIERA | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Manna Offshore, LLC ("Plaintiff") bringing this Complaint against Defendants Hamad Overseas, LLC, Hamad Investimentos, LDA d/b/a Hamad Energy, and Hamilton Moreira ("Defendants") and would respectfully show the Court as follows:

### I. PARTIES

1.      Plaintiff Manna Offshore LLC is a limited liability company. Upon information and belief, its members are citizens of states within the United States and are not citizens or residents of Angola or any foreign state.

2.      Defendant Hamad Overseas LLC ("Hamad Overseas") is a limited liability company organized under the laws of the State of Delaware and registered to do business in the State of Texas.

3.      Upon information and belief, Hamad Overseas LLC is wholly owned and controlled by Defendant Hamilton Moreira.

4. Defendant Hamad Investimentos, LDA ("Hamad Investimentos") is a private limited liability company organized under the laws of Angola, with its principal place of business in Angola.

5. Defendant Hamilton Moreira is an individual who is a citizen and resident of Angola.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Complete diversity exists because Plaintiff is a citizen of one or more U.S. states, and Defendants are citizens of a foreign state and/or citizens of different states. Upon information and belief, no Defendant shares citizenship with any member of Plaintiff.

9. This Court has personal jurisdiction over Hamad Overseas LLC because it is registered to do business in Texas and conducts substantial business within this state.

10. This Court has personal jurisdiction over Defendant Hamilton Moreira because he directs and controls business activities in Texas through Hamad Overseas LLC and has purposefully availed himself of the privileges of conducting business in Texas.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Defendants conduct business within this District.

## III. FACTUAL BACKGROUND

12. This dispute arises out of commission agreements related to a Chevron Angola offshore project involving lift boat services and decommissioning operations, including plug and abandonment work.

13.    Plaintiff entered into written agreements with Defendants pursuant to which Plaintiff assisted in securing and supporting the underlying Chevron project.

14.    These agreements include, but are not limited to the agreement between Plaintiff and Defendant Hamad Overseas, LLC, attached hereto as Exhibit A; and the agreement between Plaintiff and Defendant Hamad Investimentos, LDA, attached hereto as Exhibit B, (collectively, the "Agreements").

15.    Under the Agreements, Defendants agreed to pay Plaintiff a commission equal to approximately four percent (4%) of revenues received in connection with the Chevron project, including charter hire payments and any extensions or related work.

16.    The Agreements provide that commissions are due upon Defendants' receipt of payment from Chevron.

17.    Upon information and belief, Hamad Overseas LLC serves as the primary U.S.-based entity through which a substantial portion of Chevron project revenues are received, processed, and distributed, including payments deposited into U.S. bank accounts.

18.    Defendants have received substantial payments from Chevron under the project.

19.    Plaintiff performed all conditions required under the Agreements and is entitled to payment of its commissions.

20.    Plaintiff submitted invoices corresponding to the commissions owed based on payments received by Defendants.

21.    Defendants made partial payments on certain invoices.

22.    Despite receiving payments from Chevron, Defendants have failed and refused to pay the full amounts due.

23.     As of the date of this filing, Defendants owe Plaintiff at least $277,531.91 in past-due commissions.

24.     In addition to past-due amounts, Defendants continue to receive payments from Chevron, and Plaintiff continues to be entitled to its contractual commission of approximately four percent (4%) of those payments.

25.     Defendants have failed to remit those ongoing commissions.

26.     Defendants have not disputed the existence of the Agreements, the commission percentage, or the validity of the invoices.

27.     Defendants have retained funds derived from the Chevron project that include commissions owed to Plaintiff.

### IV. COURSE OF DEALING AND DEFENDANTS' ACKNOWLEDGMENT

28.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

29.     Throughout the course of performance under the Agreements, Defendants acknowledged the validity of the commission structure and their obligation to pay Plaintiff a percentage of revenues received from the Chevron project.

30.     Defendants accepted Plaintiff's invoices without objection and, on multiple occasions, made partial payments toward those invoices.

31.     Defendants' partial payments constitute acknowledgment of both the underlying obligation and the accuracy of the amounts invoiced.

32.     Defendants never disputed the existence of the Agreements, the agreed commission percentage, or Plaintiff's entitlement to payment.

33.    Defendants' communications and conduct reflect that any delay in payment was based on internal financial considerations and allocation of funds, not any disagreement as to liability.

34.    Defendants proposed payment schedules and discussed timing of payments in relation to funds received from Chevron, thereby confirming that the contractual payment trigger had been satisfied.

35.    Defendants' course of dealing establishes that the commissions were due and owing and that Defendants' failure to pay constitutes a breach of their obligations.

## V. BREACH OF CONTRACT

36.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37.    The Agreements constitute valid and enforceable contracts.

38.    Plaintiff performed its obligations under the Agreements.

39.    Defendants breached the Agreements by failing to pay commissions due upon receipt of payments from Chevron.

40.    As a direct result of Defendants' breach, Plaintiff has suffered damages in an amount of at least $277,531.91, plus additional amounts continuing to accrue.

## VI. DECLARATORY JUDGMENT

41.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

42.    An actual controversy exists regarding Plaintiff's right to receive ongoing commissions under the Agreements.

43.    Plaintiff seeks a declaration that it is entitled to receive approximately four percent (4%) of all revenues received by Defendants in connection with the Chevron project for the duration of the Agreements.

## VII. UNJUST ENRICHMENT (ALTERNATIVE)

44.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

45.     Defendants have obtained benefits from Plaintiff's services, including revenue generated from the Chevron project.

46.     It would be unjust for Defendants to retain those benefits without paying the agreed commissions.

## VIII. CONSTRUCTIVE TRUST

47.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

48.     The funds received by Defendants from Chevron are identifiable and traceable, including funds received and processed through U.S.-based accounts.

49.     A portion of those funds represents commissions rightfully belonging to Plaintiff.

50.     Defendants' retention of those funds is inequitable.

51.     Plaintiff is entitled to the imposition of a constructive trust over funds representing its commission interest.

## IX. ATTORNEY'S FEES

52.     Plaintiff seeks recovery of reasonable and necessary attorney's fees pursuant to applicable Texas law.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that upon final trial, Plaintiff recover:

a. Actual damages in an amount to be determined at trial, including at least $277,531.91 in past-due commissions;

b. All additional commissions owed and to accrue under the Agreements;

c. Declaratory relief confirming Plaintiff's entitlement to ongoing commissions;

d. Imposition of a constructive trust over applicable funds;

e. Attorney's fees and costs;

f. Pre-judgment and post-judgment interest; and

g. All other relief to which Plaintiff may be entitled.

Respectfully submitted,

GAUNTT KOEN BINNEY & KIDD, LLP

By: /s/ *Geoffrey S. Binney*
　　　Geoffrey S. Binney
　　　Texas Bar No. 24029071
　　　Fed ID: 32660
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone: (281) 367-6555
Facsimile: (281) 367-3705
Email: geoff.binney@gkbklaw.com
LEAD COUNSEL FOR PLAINTIFF
MANNA OFFSHORE, LLC