United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MANNA OFFSHORE LLC,<br><br>*Plaintiff*,<br>VS.<br><br>HAMAD OVERSEAS, LLC, HAMAD INVESTIMENTOS LDA d/b/a HAMAD ENERGY, and HAMILTON MOREIRA<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-cv-2852 |

**ORDER**

Pending before the Court is Plaintiff Manna Offshore LLC's ("Manna") Motion for Alternative Service on Defendants Hamad Investimentos LDA d/b/a Hamad Energy ("Hamad Energy") and Hamilton Moreira ("Moreira"). (Doc. No. 12). The Court hereby **GRANTS** Manna's Motion.

Defendant Hamad Overseas, LLC ("Hamad Overseas") has been served through its registered agent in Texas and has not appeared or answered. Hamad Energy and Moreira are located in Angola.

## I. Legal Standard

Federal Rule of Civil Procedure 4(f) deals with serving an individual in a foreign country. Rule 4:

> permits service on foreign defendants "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" *and* "by other means not prohibited by international agreement, as the court orders."

*Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494 (5th Cir. 2018) (emphasis in original) (quoting FED. R. CIV. P. 4(f)(1), (3)).

Beyond the above-quoted language, the Fifth Circuit has not squarely addressed the issue of whether a plaintiff must first attempt to effect service by one of the methods in Rule 4(f)(1) or 4(f)(2) before a court may order service under 4(f)(3), "by other means not prohibited by international agreement." FED. R. CIV. P. 4(f)(3). The Ninth Circuit, however, has squarely held that a plaintiff need not. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002) ("[W]e disapprove of the statements in *Graval* which would require attempted service by all feasible alternatives before service under Rule 4(f)(3) is allowed.").

The Ninth Circuit reasoned that "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Id.* at 1015. Additionally, the court reasoned, "Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means." *Id.* Courts in the Fifth Circuit have adopted this reasoning in authorizing alternative service without a showing that other means were first attempted. *See Doan v. Doe Defendant "1"*, 2025 WL 3762155, at *2 (S.D. Tex. 2025).

## II. Analysis

Angola is not a signatory to the Hague Convention. Apparently, service through diplomatic channels to Angola would require:

> (1) certified translations of all pleadings and summonses into Portuguese; (2) authentication of the translated documents by the Clerk of the issuing federal district court; (3) further authentication by the U.S. Department of State; (4) notarization and legalization of the authenticated documents by the Angolan Consulate General; and (5) transmittal of all legalized documents to a licensed attorney in Angola, who would then be responsible for physically serving the Defendants in Angola.

(Doc. No. 12 at 3).

That being the case, the Court finds that service by traditional means in this case would be unduly burdensome, expensive, and time-consuming. Additionally, the Court is aware of no

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Manna's Motion for Alternative Service. Manna may effect service by *both* emailing the Summons and Complaint to hamilton.moreira@hamadenergy.com *and* by sending, via a commercial mail/delivery service which can provide certification of delivery/receipt, the Summons and Complaint to the Defendants' addresses in Angola.[1]

It is so ordered.

Signed on this the 9th day of November 2026.

Andrew S. Hanen
United States District Judge

---

[1] The Court is not unaware that a "DHL Express" proof of delivery certificate is in the record. That being the case, at the time that delivery was effected, the Court had not authorized alternative service. In order to comply with this order, Manna must re-send the Summons and Complaint and provide the Court with proof of delivery.